a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AHMOND MASON,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-525-P |
| VERSUS | JUDGE DRELL |
| RAPIDES PARISH DETENTION<br>CENTER I, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Ahmond Mason ("Mason") (#56309). ECF No. 1. Mason is a pretrial detainee at the Rapides Parish Detention Center ("RPDC") in Alexandria, Louisiana. He complains about the conditions of his confinement with respect to mold and fungus at RPDC.

Because Mason fails to state a viable constitutional claim, his Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Mason alleges that there is mold and fungus in the cells and bathrooms at RPDC. ECF No. 1 at 3. Mason also complains that mold is in the vents, which makes his throat "dry and scratchy." *Id.* Mason claims that the toilets leak, creating a hazard to inmates. *Id.* Mason seeks monetary compensation for having to endure these living conditions.

II. <u>Law and Analysis</u>

    A. <u>Mason's Complaint (ECF No. 1) is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.</u>

Mason is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 6. As a prisoner seeking redress from an officer or employee of a governmental entity, Mason's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Mason's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B.  Mason cannot show the violation of a constitutional right.

The Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment. *See Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004). "Nevertheless, the jurisprudence recognizes that the judiciary is ill-equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of mere inconveniences." *Harrell v. Gusman*, CV 15-401, 2015 WL 13736179, at *3 (E.D. La. May 13, 2015), *report and recommendation adopted*, 2016 WL 1165753 (E.D. La. Mar. 25, 2016). Furthermore, the United States Constitution is not implicated by a *de minimis* level of imposition on pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979); *Ruiz v. El Paso Processing Center*, 299 Fed. App'x 369, 371 (5th Cir. 2008).

Mason complains that the showers, cells, and vents at RPDC contain mold and fungus. Although a jail should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." *McAllister v. Strain*, No. 09-CV-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); *accord Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."). Additionally, the mere fact that mold or fungus is present in a jail does not render an inmate's confinement unconstitutional. *Ruffin v. Larpenter*, 19-CV-10378, 2019 WL 2526739, at *2 (E.D. La. May 28, 2019) (allegations of black mold on air vents and shower walls and drains "fail to cross the

impermissible line that separates the unpleasant from the unconstitutional"), *report and recommendation adopted*, 2019 WL 2524582 (E.D. La. June 19, 2019); *Heaton v. Normand*, No. 17-CV-405, 2017 WL 3268341, at *4 (E.D. La. June 22, 2017) (allegations of mold, dust, and vermin fail to state cognizable, nonfrivolous claim), *report and recommendation adopted*, 2017 WL 3252813 (E.D. La. July 31, 2017); *Simmons v. Gusman*, No. 14-CV-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015) ("[T]he mere fact that fungus, mold, mildew, and rust are present [in a jail] does not warrant relief."); *Eaton v. Magee*, No. 2:10-CV-112, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012) ("Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation."); *Harrell*, 2015 WL 13736179, at *3 (mold, rust, and dusty air vents do not state constitutional claim); *Barnett v. Shaw*, No. 3:11-CV-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), *report and recommendation adopted*, 2011 WL 2214383 (N.D. Tex. June 7, 2011); *Reynolds v. Newcomer*, Civ. Action No. 09-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (complaints of "the presence of black mold in living areas, eating areas, and shower areas" were found to "rise to no more than a *de minimis* level of imposition with which the Constitution is not concerned") (citing *Bell*, 441 U.S. at 539 n.21); *McCarty v. McGee*, No. 2:06-CV-113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is

polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation.").

Thus, Mason's complaints involve conditions that do not constitute "punishment" or otherwise rise to the level of a constitutional violation.

### III. Conclusion

Because Mason fails to state a viable constitutional claim, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 29th day of May 2020.

                                                                           _____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE